### GRANT v. DE LAMORI and Others.*

### No. 11,712; June 30, 1887.

#### 14 Pac. 314.

**Deed—Title Conveyed.—The Alienating Force of a Deed,** which by plain terms purports to pass the grantor's entire interest, is not restricted by the fact that it contains an allusion to an executory contract which the grantor has with a third party respecting the land, and from whom he is to get a quitclaim deed, when the allusion is made simply for the purpose of describing more particularly the premises conveyed.

APPEAL from Superior Court, Los Angeles County.

Suit by John Grant, respondent, to quiet title in himself to a tract of land, against the administratrix and children of Louis Lamori, deceased. The plaintiff claimed title under a deed to him from Francisca Urquidez de Lamori, the widow of Louis, and a deed made to her by her husband in his lifetime. The defendant and appellant Mrs. Plummer claimed title as one of the heirs at law of Louis Lamori. The complaint is as follows:

"That the said plaintiff is the owner in fee simple of all that certain piece or parcel of land situate in the county of Los Angeles, state of California, forming part of the Rancho Los Feliz, and bounded and more particularly described as follows [describing it]; that the said defendants, Francisca Urquidez de Lamori, administratrix of the estate of Louis Lamori, deceased, Juan Lamori, Miguel Lamori, Alfredo Lamori, Domingo Lamori, Fabio Lamori, Solomon Lamori, Antonio Lamori, Umpara Lamori de Plummer, and Louisa Lamori de Urquidez, claim an interest or interests in said land and premises adverse to the plaintiff; but said claims of said defendants are without any right whatsoever, and that

---

*For former opinion, see 71 Cal. 329, 12 Pac. 228.

the defendants have not, nor has either of them, any estate, right, title, or interest of, in, or to said land and premises, or any part thereof; that the said Louis Lamori died in the said county of Los Angeles on the eighth day of January, 1881, being at the time of his death a resident of said county; that by an order of the superior court of said county, duly made and given on the seventh day of July, 1881, the said Francisca Urquidez de Lamori was appointed administratrix of the estate of said Louis Lamori, deceased, and thereupon said Francisca Urquidez de Lamori duly qualified as such administratrix, and letters of administration upon said estate were duly issued to her by the clerk of said court, under the seal thereof, which letters have not been revoked; and that said Francisca Urquidez de Lamori thereupon entered upon the discharge of the duties of her trust, and ever since has been, and still is, administratrix of the estate of said Louis Lamori, deceased; that the said Louis Lamori left him surviving, as his sole heirs at law, his widow, the said Francisca Urquidez de Lamori, and his children [naming them]; that the said Francisca Urquidez de Lamori, as administratrix of the estate of the said Louis Lamori, deceased, and the said surviving children of said deceased, claim that the land and premises above described were owned in fee simple by the said Louis Lamori at the time of his death, and that the said land and premises now form and are a part of the estate of said deceased, which said claims are without any right whatever, and said land and premises were not, nor was any·part thereof, or interest therein, owned by said Louis Lamori at the time of his death, nor do said land and premises, or any part thereof or interest therein, form any part of the estate of said deceased.

"Wherefore plaintiff prays judgment that said defendants claiming interests in said land and premises as aforesaid may be required to set forth the nature of their several claims, and that all adverse claims of the said defendants, or either of them, may be determined by a decree of this court; and that by said decree or judgment it be declared and adjudged that said plaintiff is the owner in fee simple of said land and premises, and that said defendants claiming interests therein, as aforesaid, have not, nor has either of them any right, title, interest, or estate whatsoever, of, in, or to the said land and premises, or any part thereof; and also that said defendants,

claiming interests therein as aforesaid, and each of them, be forever debarred from asserting any claim whatever in or to said land and premises, or any part thereof, adverse to the plaintiff; and that by said decree it be declared and adjudged that neither the said land and premises, nor any part thereof, nor any interest therein, form any part of the estate of said Louis Lamori, deceased; and also that said estate has no interest in said land and premises, or any part thereof; and for such other and further relief as to equity shall seem meet."

The following was put in evidence by the plaintiff:

"Los Angeles County, Tuesday, May 31, 1881.

"Know all men in this presence that I Luis Lamorez of the county of Los Angeles state of California I party of the first part confirm to and give all my interest and right which I may have or can have in a right of 22 acres of land being located and situated in the ranch of Lick or Los Feliz rancho a right to Francisca Lamorez party of the second part of the same county and state being all my interest and right Thomas Rowan the representative and agent to arrange and deliver the title at the end of the settlement of the Rancho of Lick in the bargain which I confirm and certainly give to Francisca Lamorez party of the second part. Our terms are in the certificate or paper security in this paper are stipulated the location and courses for said piece of land above mentioned I say I assign and confirm to and give all right to Francisca Lamorez.

his<br>
"LUIS   X   LAMOREZ.<br>
mark.

"In the presence of the      "HENRY B. KATZ.

his<br>
"PEDRO D.   X   LOPEZ.<br>
mark.<br>
"E. R. PLUMMER."

The arrangement referred to with Thomas Rowan was as follows:

"T. E. Rowan & Co., Real Estate and Commission Agents. Office, 75 Downey Block, Los Angeles, Cal.

"December 20, 1880.

"In consideration of Louis Lamoreux giving to the James Lick trustees a deed to all his right, title, and interest in the

Lick tract of the Los Feliz rancho, except 20 acres as reserved by said Lamoreux in said Lick tract of the Los Feliz ranch by said deed, I agree, on the arrival of R. S. Floyd, of the Lick trust, in San Francisco, to get a deed from the Lick trustees to Louis Lamoreux of the 20 acres as reserved by him in his deed to the Lick trustees.

"THOS. E. FRAZER,

"Agent for the Lick Trustees."

The deed from the widow to the plaintiff was also put in evidence. The defendant offered in evidence a deed from one Ramon Vejar to Louis Lamori, as tending to prove that Louis Lamori's estate, of which he was so seised in fee simple on the said thirty-first day of May, 1881, was by a title other than that which was expected to accrue from the Rowan executory contract; and that, although Louis Lamori at that time assigned to his wife all the estate or interest which might accrue from that contract, still the estate or interest which he had prior to that time by another title remained to him, notwithstanding his assignment of that contract to his wife on the said 31st of May; and that he died seised of that prior estate in fee on the following eighth day of June, as alleged in the answer.

The court found that on May 31, 1881, "Louis Lamori, by deed of conveyance, duly conveyed all of said tract of land to the defendant Francisca Urquidez de Lamori who thereafter, and prior to the commencement of this action, by deed of conveyance, duly conveyed all of said tract of land to the plaintiff, John Grant."

H. Allen for appellants; Howard & Scott for respondent.

SHARPSTEIN, J.—Tested by what we conceive to be now the well-settled rule in this state, the complaint states facts sufficient to constitute a cause of action. The demurrer to it was properly overruled.

As we construe the deed of Louis Lamori, it conveys all his interest in the land to his wife. The contract with the trustees of the Lick estate is clearly referred to in the deed for the purpose of describing more definitely the premises conveyed, and it makes no difference what its legal effect might be. No one connected with this action claims anything under it. The

objection to its introduction in evidence was properly over-ruled. The deed of Louis Lamori to Vejar, of a date subsequent to that made to Mrs. Lamori, was wholly immaterial, and the objection to its introduction in evidence was properly sustained.

We discover no error in the record. Judgment and order affirmed.

We concur: McFarland, J.; Thornton, J.